**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS ALFREDO ANDRADE-POCASANGRE, <br><br>       Petitioner, <br><br>   v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br>       Respondent. | No. 08-71444 <br><br> Agency No. A029-255-476 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 6, 2011[**]
Pasadena, California

Before: SILVERMAN, TALLMAN, and CLIFTON, Circuit Judges.

Carlos Andrade-Pocasangre petitions for review of the BIA's denial of his

motion to reopen as untimely. We deny the petition.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

A motion to reopen must generally be filed within 90 days of the final order of removal or deportation. 8 C.F.R. § 1003.23(b)(1). This time limit does not apply where an alien seeks reopening to apply for asylum, withholding of removal, or protection under Convention Against Torture, and is based on "changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous proceeding." 8 C.F.R. § 1003.23(b)(4)(i).

Petitioner does not qualify for this exception for at least two reasons. Petitioner fails to allege facts that would place him within a protected social group. *See Grava v. I.N.S.*, 205 F.3d 1177, 1181 n. 3 (9th Cir. 2000) ("Purely personal retribution is, of course, not persecution on account of political opinion."); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 747 (9th Cir. 2008) ("Without evidence of an actual political opinion or motive in [petitioner's] or the gang's actions, his claim fails."). Moreover, Petitioner has alleged only changed personal circumstances, not changed country circumstances. *See He v. Gonzales*, 501 F.3d 1128, 1132 (9th Cir. 2007) (holding that a "self-induced change in personal circumstances" does not qualify as a change in country circumstances). The BIA therefore did not abuse its discretion in denying his motion to reopen as untimely. *See Rodriguez-Lariz v.*

2

*I.N.S.*, 282 F.3d 1218, 1222 (9th Cir. 2002) ("[The Ninth Circuit] reviews the BIA's ruling on a motion to reopen for an abuse of discretion.").

Petitioner's motion for stay of removal is denied.

**PETITION DENIED.**